UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN ROBLES, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL NO. SA-20-CA-0327-FB |
| JAVIER SALAZAR, Sheriff, Bexar County Sheriff's Office, | § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *pro se* petitioner Steven Robles's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), wherein petitioner challenges the constitutionality of his 2016 state court conviction and placement on community supervision for assaulting a family member. Also before the Court are petitioner's supplemental pleadings (ECF Nos. 7, 17) and respondent Javier Salazar's Second Amended Answer (ECF No. 33).

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In June 2016, petitioner was found guilty of felony assault family violence by strangulation and sentenced to ten years of imprisonment. *State v. Robles*, No. 2015-CR-1302 (175th Dist. Ct., Bexar Cnty., Tex. June 1, 2016). The state trial court granted petitioner's probation application and placed petitioner on deferred adjudication probation and community supervision for a period ten years. The trial court's judgment placing petitioner on community supervision was affirmed on direct appeal. *Robles v. State*, No. 04-16-00434-CR (Tex.

App.–San Antonio, May 10, 2017); (ECF No. 24-1 at 95). Petitioner filed a petition for discretionary review (PDR), but the Texas Court of Criminal Appeals took no action on it because the petition was untimely. *Robles v. State*, No. PD-0916-17 (Tex. Crim. App. Aug. 25, 2017); (ECF No. 24-1 at 107-18).

Petitioner also challenged his conviction and placement on community supervision by filing a state habeas corpus application—and later an amended application—in the trial court under Article 11.072 of the Texas Code of Criminal Procedure. (ECF No. 24-1 at 133-60, 175-95). The trial court denied the application on the merits on June 11, 2018. *Ex parte Robles*, No. 2015-CR-1302-W1 (175th Dist. Ct., Bexar Cnty., Tex.); (ECF No. 24-1 at 206-13). This decision was affirmed on appeal by the Texas Fourth Court of Appeals. *Ex parte Robles*, No. 04-18-00512-CR (Tex. App.—San Antonio, June 19, 2019, pet. ref'd); (ECF No. 24-1 at 360-62). Petitioner's PDR was then refused by the Texas Court of Criminal Appeals on January 29, 2020. *Ex parte Robles*, No. PD-1125-19 (Tex. Crim. App.); (ECF No. 24-1 at 414-23).

A little over a month later, petitioner filed the instant federal habeas petition. In the petition and amended complaint that followed, petitioner challenges the constitutionality of his state court trial and subsequent placement on community supervision in June 2016 by raising several overlapping claims for relief.[1] Although sometimes difficult to decipher, these claims appear to contend that: (1) there was insufficient evidence to support a conviction, (2) the State used perjured testimony and inadmissible hearsay to obtain a conviction, (3) the prosecution committed misconduct by withholding evidence, (4) his trial and appellate counsel rendered

---

[1] Petitioner also raised challenges to the state trial court's subsequent revocation proceedings that eventually lead to the revocation of his community supervision in June 2020. These challenges have been severed from this case (ECF No. 25) and are the subject of a separate proceeding before this Court. *See Robles v. Salazar*, No. 5:21-CV-567-FB (W.D. Tex).

ineffective assistance, and (5) the trial court erred by refusing to admit evidence of an assault committed by the complainant.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Analysis

#### A. Exhaustion and Procedural Default

In his federal petition and amended complaint, petitioner raises several vague and overlapping allegations concerning his original conviction and placement on community supervision in June 2016. (ECF Nos. 1, 17). While it appears petitioner raised these allegations during his state habeas corpus proceedings, the fragmented nature of petitioner's numerous state and federal court pleadings made it difficult to determine whether the instant allegations had been properly adjudicated in the state court prior to being raised in his federal petition. After careful consideration of the record and pleadings provided by both parties, the Court concludes they were not. Thus, petitioner's allegations are unexhausted and procedurally barred from federal habeas corpus relief.

##### 1. Exhaustion

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the

4

State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). Thus, to properly exhaust state remedies, a Texas prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a PDR on direct appeal or in an application for writ of habeas corpus under Texas Code of Criminal Procedure art. 11.07.[2] *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In the instant case, petitioner did not timely file a PDR on direct appeal of his judgment and conviction; thus, for purposes of exhausting his state court remedies, it was necessary that petitioner present the claims presented in this federal petition to the state court via the procedure provided in Article 11.072. While petitioner did appear to raise the instant allegations in his Article 11.072 application to the state trial court, he failed to raise them in his eventual PDR to the Texas Court of Criminal Appeals.[3] Indeed, the PDR appears to challenge only his trial and direct appeal counsels' negligence in failing to advise him of his right to file a PDR on direct appeal—claims that are not raised in the instant federal petition. As such, because there has been no fair presentation of petitioner's allegations to the Texas Court of Criminal Appeals, they are unexhausted.

---

[2] As relevant here, a habeas corpus petitioner who has been granted community supervision may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the state trial court in an application for a writ of habeas corpus filed under article 11.072. *See* Tex. Code Crim. Proc. art. 11.072, § 8. In the event the state district court denies the habeas petition, the petitioner has a right to appeal to the Texas appellate courts and to petition the Texas Court of Criminal Appeals for discretionary review. *Ex parte Villanueva,* 252 S.W.3d 391, 395-96 (Tex. Crim. App. 2008) (discussing filing, disposition and appeals of article 11.072 writs).

[3] Although respondent provided, at the Court's insistence, numerous records of petitioner's state court proceedings, respondent inexplicably failed to include a copy of petitioner's state habeas PDR for the Court to review. Nevertheless, the Court has obtained a copy of the PDR on its own and attached it to this opinion.

2. <u>Procedural Default</u>

Respondent believes this case should be remanded back to the state trial court to allow petitioner to raise these unexhausted allegations in another application for writ of habeas corpus, this time under Texas Code of Criminal Procedure art. 11.07.[4]  Should this Court now require petitioner to return to state court to satisfy the exhaustion requirement, however, the Texas Court of Criminal Appeals would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.072 § 9 of the Texas Code of Criminal Procedure since petitioner already challenged his conviction and placement on community supervision in a previous state habeas application.  Because Texas would likely bar another habeas corpus application by petitioner regarding his original conviction and placement on community supervision, he has committed a procedural default that is sufficient to bar federal habeas corpus review.  *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application).

Consequently, petitioner is precluded from federal habeas relief on the unexhausted claims unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice."

---

[4] Respondent's argument is based on the misguided belief that, because petitioner has not yet filed an Art. 11.07 application challenging the June 2020 revocation of his community supervision, petitioner could still file such an application challenging both the revocation *and* his original June 2016 conviction and placement on community supervision. (ECF No. 33 at 3-5).  The Court already rejected this argument in its Order dated June 20, 2021. *See* ECF No. 27 at 4 ("Respondent has provided no authority for the proposition that the new judgment revoking petitioner's community supervision in 2020 somehow restarted the habeas process for exhaustion purposes or now requires petitioner to refile his claims in a new state habeas application.").

*Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). But petitioner does not argue that cause and prejudice should excuse the default, nor does he demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of petitioner's unexhausted claims as procedurally defaulted.

B.      **Alternative Merits Analysis**

Even assuming petitioner had properly exhausted his allegations in the state court, he still fails to demonstrate his entitlement to federal habeas corpus relief. Petitioner lists several issues that he believes denied him a constitutionally fair trial, including: (1) insufficient evidence, (2) improper use of perjured testimony and inadmissible hearsay, (3) *Brady* violations, (4) his trial and appellate counsels' failure to adequately investigate, and (5) erroneous evidentiary rulings by the trial court. (ECF No. 1). But aside from listing these various grievances, petitioner provides little, if any, coherent argument or authority to support his claims for relief, despite filing a lengthy amended complaint in support of his petition. (ECF No. 17). For this reason alone, petitioner's claims could be denied.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same). Here, petitioner's allegations are conclusory, speculative, and unsupported by any evidence or facts. "Absent evidence in the record," however, this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by

anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). Thus, habeas relief is unavailable because the claims are conclusory. *Ross*, 694 F.2d at 1011; *see also United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.").

Regardless, petitioner raised almost identical conclusory allegations in his Art. 11.072 state habeas application which were denied by the state habeas trial court. After listing the numerous allegations raised in petitioner's application, the state habeas trial court made the following conclusions of law:

1. In a post-conviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief." *Ex Parte Maldonado*, 688 S.W.2d 114,116 (Tex. Crim. App. 1985). Relief may be denied when the applicant states only conclusions, and not specific facts. *Ex Parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). A Texas writ application must be complete on its face. *Ex Parte Medina*, 361 S.W.3d 637, 638 (Tex. Crim. App. 2011). It must allege specific facts so that anyone reading the writ application would understand precisely the factual basis for the legal claim. *Id*. [Petitioner] fails to provide specific facts that would support Ground One; claims two, three, four, six, seven, nine and eleven of Ground Two; Ground Three; claim one and three of Ground Four; claim one, three, and four of Ground Five.

2. Under the two-prong standard for reviewing ineffective assistance of counsel claims, [petitioner] must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

3. With regard to claims two and three of Ground One and Ground Three, upon the application of the above stated law to the findings of fact in this case, the Court finds that [Petitioner]'s counsel's performance was not deficient. However, even if a court were to decide that it was deficient, this court finds that the result of the proceeding would not have been different. Therefore, this court concludes that [petitioner] was not deprived of effective assistance of counsel in this case. *Strickland v. Washington*, 466 U.S. 668 (1984).

> 4. With regard to claim one of Ground Two, [petitioner] has no right to hybrid representation. The trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel. *Robinson v. Stage*, 240 S.W.3d 922 (Tex. Crim. App. 2007).
>
> 5. Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute the constitutional right to assistance of counsel. *Avery v. Alabama*, 308 U.S. 446 (1940). Regarding claim ten of Ground Two, this court concludes that trial court's refusal to grant [petitioner]'s motion for continuance did not deny [petitioner]'s constitutional right to assistance of counsel.
>
> 6. With regard to claim twelve of Ground Two and claim two of Ground Five, [petitioner] may not challenge the legality of search and seizure for the first time on a writ of habeas corpus. *See Ex Parte Grigsby*, 137 S.W.3d 673 (Tex. Crim. App. 2004) and *See Ex Parte Kirby*, 492 S.W.2d 579 (Tex. Crim. App. 1973).
>
> 7. With regard to Ground Three concerning trial court discretion and ineffective assistance of counsel, [petitioner] fails to allege facts that would support finding abuse of discretion or ineffective assistance of counsel in the denial of witness testimony from Rachel Sanchez and Tish Ybarra. *See Ex Parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).

(ECF No. 24-1 at 210-12). Assuming, as we are, that petitioner properly exhausted his allegations all the way to the Texas Court of Criminal Appeals, it appears that the state's highest court then adopted these findings when it refused petitioner's PDR. (ECF No. 24-1 at 414-23).

Petitioner presents no clear and convincing evidence or persuasive argument to rebut the state court's factual findings. Nor does he demonstrate that the state court's determination was contrary to, or involved an unreasonable application of clearly established federal law or that it was an unreasonable determination of the facts based on the evidence in the record. A state court's determination is entitled to great deference when, as was done in this case, the court conducted a thorough and thoughtful review of the evidence. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993).

Here, the state court entered lengthy findings and conclusions on petitioner's allegations. Petitioner has not shown that the state court's denial of these allegations "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Consequently, petitioner's claims for relief are denied.

### IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that

the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right. The Court is authorized to address the propriety of granting a COA *sua sponte*. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

After thoroughly reviewing the record and applicable law, this Court concludes that reasonable jurists would agree petitioner's claims for habeas relief do not satisfy the standard for obtaining a COA. Petitioner has failed to make a substantial showing of the denial of a federal right or demonstrate that reasonable jurists could debate whether his petition should be resolved in a different manner. Accordingly, a COA will not issue.

## V. Conclusion and Order

After careful consideration, the Court concludes that petitioner's claims are unexhausted and procedurally barred from federal habeas review. Even if petitioner's claims had been properly exhausted during petitioner's state habeas proceedings, petitioner failed to establish that the state habeas court's rejection of these allegations was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Steven Robles's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 2nd day of March, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE